UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


BOSTON GRANITE EXCHANGE, INC.,
      Plaintiff,

                                **COMPLAINT**

vs.

                                **Civil Action No.**

GREATER BOSTON GRANITE, LLC,
      Defendant.


## INTRODUCTION

Plaintiff, Boston Granite Exchange, Inc. is the owner of the registered trademark "Boston Granite Exchange."[1] Boston Granite Exchange, Inc. is one of the largest wholesale distributors of granite, marble and other natural stone products in New England.  The company also services New York and Pennsylvania.  The company was founded in 1999 and in its twelve years of operation, the name Boston Granite Exchange, Inc. has become synonymous with quality products and quality service.

Defendant Greater Boston Granite, LLC originally operated as JC International, LLC.  As JC International, the company focused on construction and remodeling with some limited importing of building materials.  When JC International changed its name to Greater Boston Granite in July, 2009, it also changed its business focus and now, similar to Boston Granite Exchange, has become a full time importer of marble, granite and other stone.   The name change to Greater Boston Granite was a deliberate attempt to capitalize on the longstanding goodwill associated with Boston Granite Exchange in the sale of stone products.

---

[1] The Boston Granite Exchange Trademark is registered with the Commonwealth of Massachusetts under Reg. No. 71891 and Boston Granite Exchange, Inc. is the owner of U.S. Application Serial No. 85327717 for "Boston Granite Exchange."

In July, 2009 Boston Granite Exchange contacted Greater Boston Granite in an effort to convince the new comer that the names of the two companies were confusing and sought to have Greater Boston Granite change its name.  Greater Boston Granite refused, but told Boston Granite Exchange that its target clients were only in the Boston area and it was not their intention to expand throughout New England.  At that time, Greater Boston Granite did not have a website or any other internet marketing that came to the attention of Boston Granite Exchange; and their office was located in Tewksbury, Massachusetts.

Recently, Boston Granite Exchange became aware that Greater Boston Granite has created a web site and is attempting to expand its business to target clients throughout Massachusetts and New England.  As Greater Boston Granite expands its scope of service there is a strong likelihood that the businesses of Plaintiff and Defendant will be confused with each other by consumers or that consumers will believe that there is a sponsorship or association between the Boston Granite Exchange and Defendant's Greater Boston Granite.  In fact several incidences of actual confusion have already occurred.  Greater Boston Granite should not be able to build its marble business on the back of Boston Granite Exchange's hard work over the last twelve years.  Consequently, Boston Granite Exchange seeks injunctive relief and damages under the Lanham Act, 15. U.S.C. et seq. and Massachusetts common law.

## THE PARTIES

1.    Plaintiff Boston Granite Exchange, Inc. is a Massachusetts Corporation with a principal place of business at 1 Parkridge Road, Haverhill Massachusetts 01835.

2.    Defendant Greater Boston Granite, LLC is a Massachusetts Limited Liability Corporation with a principal place of business at 174 Old Canal Drive, Lowell Massachusetts.

2

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, as this action arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*

4.     This Court has personal jurisdiction over defendant as it is a Massachusetts LLC and is operating a business in Massachusetts.

5.     Venue is proper in this Court under 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

6.     Boston Granite Exchange, Inc. ("BGE") has been in the business of importing and distributing natural stone and engineered stone surfaces through out New England since 1999 and is the owner of the trademark "Boston Granite Exchange" (the "Mark").

7.     BGE has been using the Mark in interstate commerce since at least as early as 1999 and continues to use the Mark in connection with its products and services.

8.     The Boston Granite Exchange trademark is registered with the Commonwealth of Massachusetts under Reg. No. 71891 and BGE is the owner of U.S. Application Serial No. 85327717 for the Mark.

9.     BGE is one of the largest wholesale distributors of granite, marble and other stone products in New England.  BGE also services clients in New York and Pennsylvania.

10.     BGE has invested a tremendous amount of resources in developing, marketing and advertising the services and products offered in connection with the Mark and in protecting and enforcing its trademark.

11.     BGE operates a web site at www.bgeusa.com and has had a presence on the World Wide Web at least since 2001.

12.     BGE is a member of The Marble Institute of America which is a national professional network of businesses in the stone industry.

3

{00168749.DOC/3}

13.   As a result of these efforts, as well as the many years of use of the Mark and its widespread use and promotion, the Mark has acquired considerable distinctiveness and has become well known in Massachusetts and throughout New England.

14.   BGE has developed recognition, trust and good will with consumers and this Mark is of incalculable value to BGE.

15.   In or about July 2009, Defendant began selling granite and marble products in Tewksbury, Massachusetts under the name Greater Boston Granite ("GBG").

16.   Prior to July 2009, GBG operated as JC International, LLC.

17.   The primary focus of the business of JC International was remodeling residential and commercial properties.  According to the JC International Certificate of Organization, the company also engaged in the "import of building materials and decorative pieces and hardware".

18.   Once JC International transformed to Greater Boston Granite, the company focused on the import and sale of stone products.

19.   In July 2009, BGE became aware that GBG had entered the stone market.

20.   BGE contacted GBG and informed GBG that BGE owned the mark "Boston Granite Exchange" and that the name "Greater Boston Granite" would cause confusion and infringe on BGE's Mark.

21.   GBG asserted that they had a right to use the name but that they would be operating solely in the Boston area.

22.   In July 2009, GBG did not have a website or any internet marketing that came to the attention of BGE.

23.   But, recently, BGE discovered that GBG has created a web site which provides GBG with the opportunity to market to customers in New England and beyond.  This web

4

presence creates an opportunity for confusion between the two companies that did not previously exist.

24.     The GBG web site is remarkably similar to the BGE website highlighting granite and marble samples for viewing on the web.

25.     Now, BGE and GBG operate in the exact same sphere of commerce, market to similar geographic areas and sell the exact same products.

26.     In addition, GBG has chosen to use the acronym "GBG" front and center on its website.  The domain name for BGE is "bgeusa.com".   The similarities between BGE's domain name and GBG's "short name" are cause for confusion.

27.     When a web search for Boston Granite Exchange is conducted, Greater Boston Granite shows up in the middle of the search results.

28.     In or about late 2010 and early 2011, BGE experienced several instances of actual consumer confusion where customers directed to BGE's office had initially gone to GBG instead.

29.     GBG's name choice and web expansion are an effort to capitalize on the goodwill that BGE has developed over the last twelve years.

30.     GBG should not be allowed to infringe upon BGE's trademark or compete unfairly by attempting to confuse customers as to the origin of their products and services.

## COUNT I
### Trademark Infringement
### 15 U.S.C. § 1125(a)

31.     BGE restates and incorporates herein by reference the allegations in paragraphs 1 through 30 above.

32.    Since 1999 BGE has continuously used the registered mark "Boston Granite Exchange" in interstate commerce and in Massachusetts to sell marble, granite and other natural stone products.  BGE is the senior user of this Mark under trademark law.

33.    "Boston Granite Exchange" has become distinctive and well-known for natural stone products through BGE's long use of this mark for its high-quality goods and services.  The Mark is identified with the very successful entity operated by BGE.  The Mark symbolizes the valuable and extensive goodwill and consumer recognition that BGE has built up over the years.

34.    Defendant's mark contains the phrase, "Boston Granite."  Because of BGE's twelve years of use of its Mark in New England and elsewhere for high quality products and services and the considerable good will inherent in such long use, Defendant's use of the term "Boston Granite" is sure to confuse consumers as to the source of its goods and services, or the affiliation of the two companies.

35.    Despite notice of BGE's senior use of the mark, Defendant has engaged in unfair competition and infringed upon the "Boston Granite Exchange" mark by changing its name from JC International, LLC to Greater Boston Granite and by using that name in interstate commerce to promote the same services and products which are offered by BGE.

36.    Defendant has infringed upon the "Boston Granite Exchange" mark with the intent to deceive the public into believing that Greater Boston Granite is approved by, sponsored by or affiliated with BGE.  Defendant's acts were also committed with the intent to pass off and palm off Defendant's company as an establishment associated with BGE with the intent to deceive and defraud the public.

37.    As a result of Defendant's actions, Plaintiff has been damaged.

6

## COUNT II
### False Designation
### 15 U.S.C. § 1125(c)

38.     BGE restates and incorporates herein by reference the allegations in paragraphs 1 through 37 above.

39.     Defendant's use of Greater Boston Granite is confusingly similar to Plaintiff's "Boston Granite Exchange" and has the effect of associating Defendant or its services with BGE in the minds of the purchasing public, thereby trading off the good will acquired by Plaintiff.

40.     Defendant's operation of Greater Boston Granite is likely to cause confusion or mistake or to deceive as to the affiliation, connection or association of defendant with Plaintiff as to the origin, sponsorship or approval of Defendant's products and services by Plaintiff, entitling Plaintiff to relief under 15 U.S.C. § 1125(c).

41.     Plaintiff has been damaged by such conduct in an amount to be determined at trial.

## COUNT III
### Trademark Dilution
### 15 U.S.C. § 1125(c)

42.     BGE restates and incorporates herein by reference the allegations in paragraphs 1 through 41 above.

43.     Defendant is knowingly and willfully making false and misleading representations to the public about the source or sponsorship of its products and services. Its knowing and willful use of the name Greater Boston Granite is likely to cause confusion or to cause mistake and injure the business reputation of Plaintiff and to dilute the distinctive quality of the "Boston Granite Exchange" name and the "Boston Granite Exchange" registered mark.

44.     By reason of Defendant's acts, Plaintiff does and will suffer damages and irreparable harm unless Defendant is enjoined from using the mark Greater Boston Granite.

7

## COUNT IV
### Recovery of Profits, Damages, Costs and Attorneys Fees
### 15 U.S.C. §1117 and §1114

45.    BGE restates and incorporates herein by reference the allegations in paragraphs 1 through 44 above.

46.    The actions of Defendant, as outlined above constitute exceptional circumstances upon which reasonable attorneys fees may be awarded to Plaintiff.

47.    The actions of Defendant in violating the trade dress and trademark of Plaintiff have been malicious, fraudulent, willful and deliberate and as such merits the award of damages and attorneys fees under this statute.

## COUNT V
### Violation of M.G.L. c. 110H,

48.    BGE restates and incorporates herein by reference the allegations in paragraphs 1 through 47 above.

49.    Defendant's use of Greater Boston Granite is likely to cause confusion, mistake or to deceive and is diluting the "Boston Granite Exchange" Mark, as described above.

50.    Defendant's use of Greater Boston Granite is without BGE's permission or authority.  Defendant's acts also were committed with the intent to cause confusion, mistake or deception, and to dilute the "Boston Granite Exchange" Mark.

51.    As a result of Defendant's actions, BGE has suffered damages.

## COUNT VI
### Violation of M.G.L. c. 93A, §11

52.    BGE restates and incorporates herein by reference the allegations in paragraphs 1 through 51 above.

53.    The allegations of the above paragraphs are incorporated herein by reference.

54.    Defendant is and at all relevant times, engaged in commerce in Massachusetts.

8

{00168749.DOC/3}

55.    Defendant's acts as described herein constitute unfair and deceptive acts and practices in violation of Massachusetts General Laws, Chapter 93A.

56.    Defendant's unfair and deceptive acts and practices occurred primarily and substantially in Massachusetts.

57.    Defendant's acts described above were willful and knowing.

58.    Plaintiff has been harmed and is entitled to damages and relief as set forth in Chapter 93A.

**COUNT VII**
**Violation of Common Law Trademark**
**Infringement and Unfair Competition**

59.    BGE restates and incorporates herein by reference the allegations in paragraphs 1 through 58 above.

60.    Greater Boston Granite's unauthorized use of the "Boston Granite Exchange" mark in connection with its products and services is likely to cause confusion or to cause mistake or to deceive consumers or potential consumers in violation of Massachusetts common law.

61.    Plaintiff has been, is now and will be irreparably injured and damaged by GBG's trademark infringement and unless enjoined by the Court, Plaintiff will suffer further harm to its trademark, reputation and goodwill.  This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests relief as follows:

(a)    Enter judgment for Plaintiff on all counts;

(b)    Enter a permanent injunction restraining Greater Boston Granite and its officers, directors, employees, agents, affiliates, successors and assigns and all those in privity or acting in concert with them:

9

{00168749.DOC/3}

      (i)     From using, displaying, advertising, copying, imitating or infringing on the "Boston Granite Exchange" mark;

      (ii)    From using or displaying "Greater Boston Granite" or any confusing similar variations thereof in any written or oral advertisements, displays, signs, sales promotions, menus, napkins, the internet or any other public communication;  in that regard Greater Boston Granite is required with in the next 10 days to:  (1) transfer its domain name "greaterbostongranite.com" to Boston Granite Exchange; (2) disable its website at www.greaterbostongranite.com; and (3) cancel all advertising and/or destroy all print material containing the words "Greater Boston Granite" or GBG.

      (iii)   From otherwise infringing on the "Boston Granite Exchange" marks;

      (iv)   From otherwise unfairly competing with Plaintiff;

    (c)    Order that Greater Boston Granite account for and pay over to BGE all gains profits and advantages derived from the use of the "Greater Boston Granite" mark pursuant to 15 U.S.C. §1117 and other applicable law;

    (d)    Order that Greater Boston Granite account and pay over to BGE all profits derived from the use of the Mark and enter judgment for an amount three times the profits and reasonable attorneys' fees pursuant to M.G.L.c. 110H  § 14 and other applicable law;

    (d)    Order multiple damages for willful infringement as contemplated by Mass. Gen. Laws, Chapter 93A; and

(e)     Other relief as the court deems just and proper.

BOSTON GRANITE EXCHANGE, INC.,
By its attorneys,

Dated:  October 13, 2011

_____
Maureen Mulligan (BBO #556482)
Ruberto, Israel & Weiner, P.C.
255 State Street, 7th Floor
Boston, MA  02109
Tel: 617-742-4200
Fax: 617-742-2355
Email: msm@riw.com

11

{00168749.DOC/3}